1
2
3
4
5
6                        UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *

9    DANIEL CORONA,                          Case No. 3:13-cv-00700-MMD-VPC

10                              Plaintiff,            ORDER

            v.
11
     R. KOZLOFF, et al,
12
                              Defendants.
13

14

15          This prisoner civil rights action comes before the Court on plaintiff's application to

16   proceed *in forma pauperis* (dkt. no. 1), his motion for immediate injunctive relief (dkt. no.

17   1-2), and for initial review under 28 U.S.C. § 1915A.

18   I.     **PAUPER APPLICATION**

19          To expedite procedures on the pauper application in a case that is subject to

20   immediate dismissal, as discussed further *infra*, the Court defers payment of an initial

21   partial filing fee to the installment payments made pursuant to 28 U.S.C. § 1915(b). The

22   application to proceed *in forma pauperis* therefore will be granted, subject to the

23   remaining provisions herein.  The Court thus proceeds to initial review.

24   II.    **SCREENING**

25          When a "prisoner seeks redress from a governmental entity or officer or

26   employee of a governmental entity," the court must "identify cognizable claims or

27   dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous,

28   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

1 monetary relief from a defendant who is immune from such relief." 28 U.S.C. §
2 1915A(b).

3      In considering whether the plaintiff has stated a claim upon which relief can be
4 granted, all material factual allegations in the complaint are accepted as true for
5 purposes of initial review and are to be construed in the light most favorable to the
6 plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However,
7 mere legal conclusions unsupported by any actual allegations of fact are not assumed
8 to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009).
9 That is, conclusory assertions that constitute merely formulaic recitations of the
10 elements of a cause of action and that are devoid of further factual enhancement are
11 not accepted as true and do not state a claim for relief. *Id.*

12      Further, the factual allegations must state a plausible claim for relief, meaning
13 that the well-pleaded facts must permit the court to infer more than the mere possibility
14 of misconduct:

15     [A] complaint must contain sufficient factual matter, accepted as true, to
16 "state a claim to relief that is plausible on its face." *[Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when
17 the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that
19 a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
20 the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).

21     . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it
22 has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
23

24 *Iqbal*, 556 U.S. at 678.

25      Allegations of a *pro se* complainant are held to less stringent standards than
26 formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

27      In the complaint (dkt. no. 1-1), plaintiff Daniel Corona's claims all challenge the
28 validity of his disciplinary conviction for assaulting another inmate. It is clear from the

2

complaint that Corona lost 120 days statutory sentence credit as a result of the conviction. *See* dkt. no. 1-1, at 4-D, 4-F, 5-A, 5-B, 7, 8 & 9 (at electronic docketing pages 8, 10, 13, 14, 21, 22, & 23); see also dkt. no. 1-2, at 2 and further at electronic docketing pages 11 & 33. Plaintiff indeed expressly seeks, *inter alia*, restoration of the 120 days statutory sentence credit. Dkt. no 1-1, at 9 (at electronic docketing page 23).[1]

The complaint, in its entirety, is not cognizable in a federal civil rights action.

When a § 1983 plaintiff presents claims that necessarily challenge the continuing validity of either the fact or duration of his confinement, then his claims are not cognizable in a civil rights action no matter the relief sought or the target of the claims, so long as the claims necessarily imply the invalidity of the confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Heck v. Humphrey*, 512 U.S. 477 (1994). A § 1983 plaintiff presenting claims that necessarily imply the invalidity of his confinement or the duration thereof first must establish that the confinement has been declared invalid by a state tribunal authorized to make such a determination, expunged by executive order, or called into question by the grant of a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Plaintiff both alleges that he lost the sentence credit and seeks restoration of the lost credit. Claims necessarily implying the invalidity of the deprivation of sentence credit, thereby challenging the duration of plaintiff's confinement, are not cognizable under § 1983. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff's claims, in their entirety, fall squarely under the foregoing rule. All of plaintiff's claims necessarily challenge the validity of the disciplinary conviction under

---

[1]Plaintiff additionally suggests that he was or may have been denied parole as a result of the disciplinary conviction. *See* dkt. no. 1-1, at 3, 4-D, 5-A & 5-B (at electronic docketing pages 3, 8, 13 & 14); *see also* dkt. no. 1-2 at electronic docketing page 38 (order denying parole including plaintiff's disciplinary record as one basis for the denial). His prayer seeks, *inter alia*, "an order for [a] new or successive parole hearing."

The Court's decision herein does not turn upon the allegations and relief requested regarding parole. The fact that 120 days statutory sentence credit were lost as a result of the disciplinary conviction is an independent and sufficient basis for the decision herein.

which plaintiff lost 120 days statutory sentence credit. He cannot challenge the disciplinary conviction without necessarily challenging the constitutional validity of the loss of the 120 days sentence credit as a consequence of that conviction. All of the claims thus necessarily imply the invalidity of the duration of his confinement and thus are *Heck*-barred.[2]

The Court finds that allowance of an opportunity to amend would be futile in the circumstances presented. Even if plaintiff omitted an express request for restoration of the 120 days statutory sentence credit, he still would be attacking the validity of a disciplinary conviction in which he lost the sentence credit. As discussed above, the *Heck* bar applies  no matter the relief sought or the target of the claims, so long as the claims necessarily imply the invalidity of the confinement or its duration.  Allowance of an opportunity to amend thus would be futile.

Following upon the dismissal of all federal claims over which the district court had original jurisdiction, the Court finds that the interests of judicial economy, convenience, fairness and comity would be best served in this case by dismissing the state law claims that remain without prejudice. Plaintiff's allegations concern events in February and March 2013, and his state-law claims, including, in particular, tort claims for false imprisonment, would appear to not be time-barred under the general two-year Nevada

_____

[2]This conclusion holds true with regard to, *e.g.*, plaintiff's claim that defendants conspired to convict him "to effect thus a retaliatory transfer of Corona (via false allegations and charges of which thereby knowingly false and unfounded . . . to a closed custody maximum security prison." Dkt. no. 1-1, at 4-E (at electronic docketing page 9). A retaliation claim that necessarily challenges the validity of the disciplinary conviction, with its associated loss of sentence credit, is *Heck*-barred.

This conclusion holds true also with regard to plaintiff's conclusory and formulaic legal allegations concerning retaliation for appealing a disciplinary conviction.  A denial of a disciplinary appeal of course does not itself constitute retaliation for the filing of the appeal.

Plaintiff concludes with the factual allegation that "a loss of liberty and confinement coupled with other derivative losses, without more, violates the Eighth Amendment prohibitions of one who is factually innocent of the charges to begin with," which again confirms that the alleged invalidity of the disciplinary conviction remains at the core of the claims. See dkt. no. 1-1, at 6-C to 6-D (at electronic docketing pages 19-20). All of the claims in the 23-page complaint come back to and are premised upon the alleged invalidity of the disciplinary conviction. There is no other factual basis for the claims underneath the formulaic legal allegations.

1  statute of limitations at the time of the dismissal, to the extent the state law claims are

2  cognizable in the first instance.  Moreover, plaintiff had a proceeding pending in state

3  court when the federal complaint was filed seeking at least a portion of the relief sought

4  herein.[3] The Court accordingly exercises its discretion pursuant to 28 U.S.C. §

5  1367(c)(3) to decline to exercise supplemental jurisdiction over the state law claims.

6  **III.**    **MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

7          Following upon the dismissal of the action, the Court will deny the motion for

8  immediate injunctive relief.  The motion in any event proceeds on the flawed premise

9  that the Court can order plaintiff's immediate release from disciplinary segregation

10  separate and apart from and in advance of a court order overturning the loss of 120

11  days sentence credit.  Under *Heck*, plaintiff cannot obtain *any* relief in this action on

12  claims necessarily implying the invalidity of the disciplinary conviction, unless and until

13  the conviction is overturned through other means as discussed in the preceding section

14  of this order.

15          The motion and complaint both are based on wholly flawed legal premises.

16  **IV.**    **CONCLUSION**

17          It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no.

18  1) is granted, subject to the remaining provisions herein.  Plaintiff shall not be required

19  to pay an initial partial filing fee.  However, even if the action is dismissed, plaintiff still

20  must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

21          It is further ordered that the movant herein is permitted to maintain this action to

22  a conclusion without the necessity of prepayment of any additional fees or costs or the

23

24          [3]The Court makes absolutely no holding or suggestion as to what specific state proceeding or proceedings plaintiff should pursue to obtain all or part of the relief sought

25  herein. To overcome the *Heck* bar and/or to judicially exhaust claims for purposes of federal habeas review, he would have to pursue whatever proper state procedural

26  avenue fairly presents a challenge to the validity of the disciplinary conviction. The Court only dismisses the noncognizable claims alleged herein pursuant to *Heck* and

27  declines to exercise supplemental jurisdiction over any state law claims herein. The Court does not rule out the prospect that some state law claims may be subject to a

28  Nevada rule similar to *Heck* unless and until the disciplinary conviction first is overturned in another state court proceeding.

1 giving of security therefor. This order granting *forma pauperis* status shall not extend to
2 the issuance of subpoenas at government expense.

3       It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
4 Department of Corrections shall pay to the Clerk of the United States District Court,
5 District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the
6 months that the account exceeds $10.00) until the full $350.00 filing fee has been paid
7 for this action. The Clerk of Court shall send a copy of this order to the Finance Division
8 of the Clerk's Office. The Clerk shall also send a copy of this order to the attention of the
9 Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011,
10 Carson City, NV 89702.

11       It is further ordered that the Clerk shall file the complaint and that this action shall
12 be dismissed without prejudice. This dismissal shall count as a "strike" for purposes of
13 28 U.S.C. § 1915(g).

14       It is further ordered that the Clerk shall file the motion for immediate injunctive
15 relief, that the motion is denied, and that the Clerk shall reflect the denial of the motion
16 by this order in a manner consistent with the Clerk's current practice for such docket
17 entries.

18       The Clerk shall enter final judgment accordingly in favor of defendants and
19 against plaintiff, dismissing this action without prejudice.

20       DATED THIS 25th day of April 2014.

21

22

23       MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE

24

25

26

27

28

6